UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATASHA ALLEN, ET AL.                                   CIVIL ACTION

VERSUS                                                  NO. 13-422

CITY OF NEW ORLEANS, ET AL.                             SECTION A(1)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss or in the Alternative Motion for Summary Judgment (Rec. Doc. 36)** filed by defendants the City of New Orleans, Mayor Mitchell Landrieu, and former Superintendent Ronal Serpas. Plaintiffs Natasha Allen and Davin Allen, individually, Natasha Allen on behalf of her minor children Jazmine Jones, Tyronne Allen, Tyrea Allen, Nijae Allen, Tahmaz Allen, and Jaritho Ducros on behalf of her minor child Jayla Berthelot, oppose the motion. The motion, submitted to the Court on October 7, 2015, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.[1]

## I.      BACKGROUND

This instant action arises out of the tragic death of 20 year-old Wendell Allen who was shot and killed in his mother's home during the execution of a search warrant. On March 7, 2012, members of the Jefferson Parish Sheriff's Office ("JPSO") and New Orleans Police Department ("NOPD") obtained and executed a search warrant at 2651 Prentiss Avenue in New Orleans. (Rec. Doc. 36-1, Def. UMF 1). The JPSO had received information from a confidential informant

---

[1] Plaintiffs correctly characterize Defendants' motion as one for summary judgment given the multitude of non-pleadings materials that Defendants have submitted in support of their motion. Plaintiffs have therefore crafted their opposition as one opposing a motion for summary judgment rather than a motion challenging the sufficiency of the pleadings. (Rec. Doc. 39, Opposition at 1 & n.1).

that an individual named Troy Deemer would be selling drugs at that address. (Def. UMF 2).

Former NOPD officer Joshua Colclough assisted with the search.

Colclough testified at his deposition that he was assigned to be part of the entry team

when the warrant was executed. (Rec. Doc. 36-4, Colclough depo at 16). Upon entering the

house Colclough noticed that the area near the staircase leading upstairs was unwatched so he

decided to hold that area until the downstairs was secured. (*Id.*). The team had gone in with guns

drawn. (*Id.* at 17). At some point after the downstairs area was secured another officer gave the

instruction to proceed upstairs. (*Id.* at 20). While the team was moving up the stairs, Wendell

Allen, who was in the upstairs portion of the house, came into view very quickly. According to

Colclough, Allen was making motions with his hand and it appeared that he had a weapon that

he was about to point at the officers (*Id.*). Colclough then shot Allen once through the chest. Allen

died on the scene from the wound. Later, it was determined that Allen had been unarmed and

that Colclough had made a terrible mistake. (*Id.* at 21). Colclough ultimately pleaded guilty to

manslaughter.

Plaintiffs filed suit pursuant to 42 U.S.C. § 1983 and state law. Natasha Allen is Wendell

Allen's mother as well as the mother of minor plaintiffs Jazmine Jones, Tyronne,[2] Tyrea, Nijae,

and Tahmaz Allen, who are Wendell Allen's half-siblings. Plaintiff Davin Allen was an adult at the

time of the incident and he is Wendell Allen's full-sibling. (Rec. Doc. 36-7, Natasha Allen depo at

18-19). Jaritho Ducros is the mother of Jayla Berthelot, a minor who was present at the house

when Wendell Allen was shot.

Plaintiffs have named as defendants the City of New Orleans, Mayor Mitch Landrieu,

former NOPD Superintendent Ronal Serpas (sometimes collectively "the City Defendants"), and

---

[2] Plaintiffs refer to this individual as "Tyronne" and "Tyrone." Given that they captioned the case using the "Tyronne" spelling, the Court will likewise use this designation.

former NOPD officer Joshua Colclough. Colclough and the City Defendants are represented by separate counsel. The City Defendants now move for summary judgment seeking to have Plaintiffs' complaint dismissed in its entirety as to them. A jury trial in this matter is scheduled to commence on December 7, 2015.

## II.    DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### Defendants Mayor Mitch Landrieu and Ronal Serpas

Plaintiffs have sued Mayor Landrieu in his individual and official capacities contending that he is the final policy maker for the City of New Orleans, and that he is responsible for the hiring,

training, discipline, supervision and control of the NOPD chiefs and supervisors, including Ronal Serpas. (Rec. Doc. 1, Complaint ¶ 4). Ronal Serpas is also sued in his official and individual capacities and Plaintiffs allege that he is responsible for the training, supervision, discipline and control of police personnel under his command, including Joshua Colclough. (*Id.* ¶ 5).

Official capacity suits are simply another way of pleading an action against the entity for which the official actor is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Therefore, the Court will consider the official capacity claims against Landrieu and Serpas as part of the *Monell* municipality claim against the City of New Orleans, *infra*.

For purposes of § 1983, defendants Landrieu and Serpas can only be held liable in their individual capacities for their own culpability in violating Wendell Allen's constitutional rights. Respondeat superior is not a basis for liability. *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381-82 (5th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Plaintiffs therefore must point to specific conduct on the part of Landrieu and Serpas that denied Wendell Allen his constitutional rights, in particular, his right to be free from excessive force.[3] When a plaintiff alleges supervisory liability based on a failure to train or supervise, the plaintiff must show that 1) the supervisor either failed to supervise or train the subordinate official, 2) a

---

[3] The Court points out that Wendell Allen would have been the only individual with legal standing to assert any of the constitutional violations alleged in the complaint. Because he died leaving no spouse, child, or father, his mother Natasha Allen is the proper plaintiff to assert Wendell Allen's claims. *See* La. Civ. Code art. 2315.1(A)(2) (survival); *Robertson v. Wegmann*, 98 S. Ct. 1991 (1978) (recognizing that Louisiana's designation of heirship determines who may pursue a civil rights claim on behalf of the deceased person).

The complaint includes a paragraph suggesting that Davin Allen may be trying to assert a claim for everything from assault and battery to malicious prosecution. (Rec. Doc. 1, Complaint ¶ 36). Drugs and a gun were actually found in the home and Davin was charged with a crime. (*Id.* ¶ 22). Davin Allen is currently incarcerated. (Rec. Doc. 36-7, Natasha Allen depo at 13).The validity of the warrant that permitted the police to search Natasha Allen's home is not disputed. No one has suggested that the charges against Davin Allen were dismissed or that he was acquitted. Therefore, the Court strongly suspects that some of Davin Allen's federal claims would be barred under *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), and for those federal claims not so barred, Davin Allen would not have standing to assert them. The opposition contains no argument in defense of Davin Allen's purported federal claims and the Court can discern no colorable argument to be made on his behalf.

causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and 3) the failure to train or supervise amounts to deliberate indifference. *Davis*, 406 F.3d at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)).

Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Id.* (citing *Bd. of County Commr's v. Brown*, 520 U.S. 397, 410 (1997)). For an official to act with deliberate indifference, he must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* (quoting *Smith*, 158 F.3d at 912). To demonstrate deliberate indifference the plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is "obvious and obviously likely to result in a constitutional violation." *Id.* (citing *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)).

Landrieu and Serpas argue that they are entitled to qualified immunity for any federal claims against them because the evidence fails to create an issue of fact as to any personal participation on their part in the alleged violation of Wendell Allen's constitutional rights. The Court agrees. Plaintiffs' position regarding deliberate indifference on the part of Landrieu and Serpas is based largely on the NOPD/Department of Justice Consent Decree, approved on January 11, 2013, which recognizes that NOPD has had systemic issues related to civil rights violations. Plaintiffs fail to recognize that the Consent Decree does not establish any facts necessary to establishing deliberate indifference *in this case* by Serpas personally, much less by Mayor Landrieu,who does not supervise the day to day operations of NOPD. In other words, Plaintiffs have identified no pre-March 7, 2012 facts that Serpas and Landrieu were deliberately indifferent to that either caused or contributed to Allen's death.

Plaintiffs questioned Colclough extensively at his deposition regarding his training as an officer and his prior disciplinary record. Colclough's prior record was unremarkable. And while the training that he had received prior to March 7, 2012 was minimal, Plaintiffs have not established that the training was so deficient that it caused the incident on the stairwell. Plaintiffs point to no evidence to suggest any causal link between a failure to train/supervise Colclough—much less any specific omission on the part of Landrieu and Serpas implying deliberate indifference—and Colclough's decision to shoot Allen. Colclough obviously made an erroneous split-second decision during a potentially dangerous situation that was evolving very quickly.[4] Whether any amount of additional training or supervision would have prevented the tragedy is an aspect of this case as to which that Plaintiffs have not created an issue of fact. The motion for summary judgment is therefore GRANTED as  to Landrieu and Serpas for all federal claims in their personal capacities. Because Plaintiffs cannot demonstrate any fault on behalf of Landrieu and Serpas, and because these defendants are not *personally* vicariously liable under state law for the tortious conduct of police officers employed by the City of New Orleans, the motion for summary judgment is likewise GRANTED as to Landrieu and Serpas for all state law claims, dismissing the complaint against these defendants in its entirety.

---

[4] Plaintiffs should note that a jury could find that Colclough is entitled to qualified immunity for the shooting even though he now admits that he made a mistake when he shot Allen. In other words, the fact that Colclough was mistaken regarding Wendell Allen's intent on the stairs that day does not mean ipso facto that he acted unreasonably when considering a totality of the circumstances. The police were in the home pursuant to a valid warrant and a potentially dangerous situation was unfolding very quickly. In their opposition, Plaintiffs stress that video evidence later obtained confirms that the officers did not knock and announce their presence, and Plaintiffs obviously believe that this contributed to danger to the occupants in the home. This is a reasonable position to take but nothing suggests that Colclough had any part in the decision to enter the home without knocking. Colclough can only be held liable for his own conduct and if the jury determines that he was simply negligent in shooting Allen under the circumstances, the jury might very well conclude that he should receive qualified immunity on the federal claims.

**Defendant City of New Orleans/Official Capacity Claims**

Under federal law, a municipality cannot be held liable for a civil rights violation simply because it employs a tortfeasor. *Monell*, 436 U.S. at 692. Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or custom that was the cause of his injury. *Brown*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *Canton*, 489 U.S. at 389). Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Id.* (citing *Monell*, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. *Id.* (citing *Monell*, 436 U.S. at 690-91).

It is not enough, however, for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. *Id.* The plaintiff must also demonstrate that through its deliberate conduct the municipality was the "moving force" behind the injury alleged. *Brown*, 520 U.S. at 404. In other words, the plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Id.*

As with the supervisory claims Plaintiffs point to the Consent Decree in support of their *Monell* claim against the City. But once again, Plaintiffs fail to demonstrate how any aspect of the Consent Decree establishes a pattern of conduct related to the specific type of violation at issue in this case. And assuming that such a pattern of conduct could be derived from the Consent Decree, Plaintiffs fail to demonstrate the necessary causal link between systemic problems in

NOPD and the mistaken use of deadly force against Wendell Allen on March 7, 2012. The

motion for summary judgment is therefore GRANTED in favor of the City of New Orleans, and

Mayor Mitch Landrieu and Ronal Serpas in their official capacities, as to all federal claims.[5]

### REMAINING CLAIMS

Following the foregoing rulings, these claims remain pending: Natasha Allen's state law

wrongful death claim against Colclough; Wendell Allen's § 1983 excessive force claim and

related state law claims brought on his behalf by Natasha Allen, his mother; the bystander claims

of Natasha Allen's minor children Jazmine Jones, Tyronne Allen, Tyrea Allen, Nijae Allen, and

Tahmaz Allen; Davin Allen's bystander claim; Jaritho Ducros bystander claim on behalf of her

minor child Jayla Berthelot who was present in the house when Wendell Allen was killed. All of

these claims are pending against Colclough directly, and against the City vicariously <u>as to the</u>

<u>state law claims</u> because any torts that Colclough committed were done in the course and scope

of his employment with the City. No federal claims are pending against the City.[6]

The City moves for summary judgment on the bystander claims arguing that Davin Allen

and the minor children cannot establish damages because none of them sought medical

treatment or received any type of counseling for their mental injuries. The City also points out that

none of the bystander plaintiffs were witnesses to the actual shooting of Wendell Allen on the

stairway, and that none of the minors were Wendell Allen's biological children (Rec .Doc. 43,

Reply at 8).

---

[5] In fact, if Plaintiffs' position regarding the Consent Decree were accepted, the City would be civilly liable for every civil rights violation committed by NOPD officers in the line of duty. In other words, it would provide the respondeat superior liability that § 1983 does not allow.

[6] The City's briefing suggests that the City mistakenly believes that it has been sued directly on the state law bystander claims.

The motion is GRANTED as to Jayla Berthelot, who did not have the requisite relationship to Wendell Allen required under Louisiana law to bring a bystander claim. *See* La. Civ. Code art. 2315.6 (delineating the class of plaintiffs who have a right of action on a bystander claim). The motion is also GRANTED as to the bystander claim of Davin Allen because no evidence creates an issue of fact as to his damages.

As to the remaining minors' bystanders claims, all of whom were siblings to Wendell Allen, the following legal principles underlie the City's argument: 1) that a bystander claim fails as a matter of law in the absence of medical treatment;[7] 2) that the bystander plaintiffs must have been eye-witnesses to the shooting. The City cites no legal authority whatsoever for these legal propositions, although the Court recognizes that the jury might determine that the minors' proximity to the shooting was insufficient to support a claim, and/or that their manifested emotional injury was not serious enough to support a claim. But those are questions for the trier of fact. The motion is therefore DENIED as to the minor plaintiffs Jazmine Jones, Tyronne Allen, Tyrea Allen, Nijae Allen, and Tahmaz Allen.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss or in the Alternative Motion for Summary Judgment (Rec. Doc. 36)** filed by defendants the City of New Orleans, Mayor Mitchell Landrieu, and former Superintendent Ronal Serpas is GRANTED IN PART AND DENIED IN PART as follows: The motion is GRANTED as to Mayor Mitch Landrieu and Ronal Serpas and all federal and state claims against them are DISMISSED; the motion is GRANTED as to plaintiffs Davin Allen and Jaritho Ducros, on behalf of her minor child Jayla Berthelot and all

---

[7] Natasha Allen testified as to the emotional problems that she has observed in her children since the March 7, 2012 incident. The City has provided no legal support to suggest that this evidence fails as a matter of law to support the minors' bystander claims.

of their claims are DISMISSED as to all defendants, including Joshua Colclough;[8] the motion is

GRANTED as to the City of New Orleans on the § 1983 claim brought by Natasha Allen on

behalf of Wendell Allen; the motion is DENIED in all other respects;

**IT IS FURTHER ORDERED** that the following claims remain for trial: Wendell Allen's §

1983 (excessive force) and state law claims, brought by Natasha Allen, against Joshua

Colclough; Natasha Allen's state law wrongful death claim against Colclough; the state law

bystander claims of the minor children Jazmine Jones, Tyronne Allen, Tyrea Allen, Nijae Allen,

and Tahmaz Allen, brought by Natasha Allen, against Colclough. The City of New Orleans

remains in the case solely for purposes of vicarious liability on the state law claims against

Colclough.

November 3, 2015

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[8] Colclough is not a movant on the City Defendants' motion for summary judgment but Davin Allen's claims and those of Ms. Ducros' child fail as a matter law for the reasons explained above.